**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BANC OF AMERICA SECURITIES LLC and BANC OF AMERICA INVESTMENT SERVICES, INC., ) ) ) ) Plaintiffs, ) ) v. ) ) INDEPENDENCE TUBE ) CORPORATION, ) ) Defendant. ) ) | Case No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Banc of America Securities LLC ("BAS") and Banc of America Investment Services, Inc. ("BAI") (collectively, "BofA"), by and through their undersigned counsel, Neal, Gerber & Eisenberg LLP, for their complaint against Defendant Independence Tube Corporation ("ITC"), respectfully allege, upon knowledge as to their own actions and information and belief as to others' actions, as follows:

**NATURE OF ACTION**

1. BofA seeks a declaratory judgment that ITC has waived its right to arbitrate its claims against BofA by invoking, and pursuing those claims in, the federal judicial process for nearly a year. ITC abruptly dropped its lawsuit, and filed a nearly identical arbitration proceeding, only after the court issued a notice tentatively dismissing ITC's complaint.

2.	On October 21, 2008, ITC filed its complaint against BofA in the U.S. District Court for the Northern District of Illinois (the "Complaint"). The Complaint sought, among other things, rescission of ITC's purchases of auction-rate securities ("ARS") from BAS.[1]

3.	ITC pursued its action in federal court for nearly a year, including by (i) moving to commence discovery under Federal Rule of Civil Procedure 26(d), (ii) opposing BofA's motion before the Judicial Panel on Multidistrict Litigation ("JPML") to centralize all similar ARS-related actions in a single federal district court, (iii) opposing BofA's motion to stay discovery pending the JPML's decision on BofA's motion, (iv) opposing BofA's motion to dismiss the Complaint, and (v) again seeking to commence discovery after its action was transferred to the U.S. District Court for the Northern District of California.

4.	On September 30, 2009, the Honorable Jeffrey S. White, United States District Judge for the Northern District of California, issued an order (i) tentatively granting BofA's motion to dismiss the Complaint, and (ii) reserving ruling on whether to grant ITC leave to amend. Later that day—less than 48 hours before the scheduled hearing on BofA's dismissal motion—ITC filed a notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1).

5.	The next day, ITC initiated an arbitration against BofA before the Financial Industry Regulatory Authority ("FINRA"), to be held in Chicago, Illinois. The Statement of Claim seeks the same relief based on the same ARS purchases that ITC alleged in the Complaint.[2]

---

[1]	A copy of the Complaint is annexed as Exhibit A.

[2]	A copy of ITC's Statement of Claim in the arbitration is annexed as Exhibit B.

2

6. ITC has waived its right to arbitrate its ARS-related claims against BofA by first filing the Complaint and pursuing its action in court, only to withdraw that action and belatedly file the arbitration after receiving a tentative ruling dismissing its claims. BofA therefore requests a declaration that ITC has waived its right to arbitrate its ARS-related claims against BofA.

## PARTIES

7. Plaintiff BAS is a Delaware limited liability company with its principal place of business in New York, New York. Its sole member, Banc of America Securities Holding Corporation, is a Delaware corporation with its principal place of business in Charlotte, North Carolina.

8. Plaintiff BAI is a Florida corporation with its principal place of business in Boston, Massachusetts.

9. Defendant ITC is an Illinois corporation with its principal place of business and headquarters in Chicago, Illinois.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(2) because (i) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (ii) the parties are diverse, as neither BAS nor BAI is a citizen of Illinois.

11. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district and this is the judicial district where the defendant resides and is subject to personal jurisdiction.

## FACTS

### ITC sues BofA in the Northern District of Illinois and seeks to "promptly begin discovery"

12. On October 21, 2008, ITC filed a complaint against BofA in United States District Court for the Northern District of Illinois. The case, docket No. 1:08-cv-06023, was assigned to United States District Judge Amy J. St. Eve and United States Magistrate Judge Arlander Keys.

13. ITC opted to sue BofA in federal court rather than initiate arbitration under Rule 12200 of FINRA's Code of Arbitration Procedure for Customer Disputes, which at all relevant times required member firms like BAS and BAI to arbitrate disputes if "[r]equested by the customer."

14. The Complaint asserted claims arising from ITC's purchase of ARS from BAS. It included allegations that BofA misrepresented and failed to disclose risks associated with ARS, such as by allegedly representing "that ARS were highly liquid, safe investments for short-term investments and were equivalent to cash or money market funds." (Ex. A ¶ 33.) ITC sought, among other things, rescission of its $22,900,000 of ARS purchases from BAS. (*See id.* at 14-20.)

15. Less than a month after filing the Complaint, ITC moved to commence discovery under Federal Rule of Civil Procedure 26(d).[3] In that motion, ITC argued that it "needs to promptly begin discovery so that this case can proceed efficiently . . . ." (Ex. C ¶ 15.)

16. BofA opposed the motion and asked the Court to stay the proceedings pending the outcome of its motion before the JPML to centralize three similar ARS-related

---

[3] A copy of the Motion to Allow Independence Tube to Commence Discovery Pursuant to Rule 26(d) is annexed as Exhibit C.

4

actions (including ITC's), two of which were pending in other courts. In response, ITC argued that it would "suffer undue prejudice if this case were stayed and it were unable to proceed with limited discovery" in this Court.[4] (Ex. D ¶ 20.)

17. On December 2, 2008, Judge St. Eve denied ITC's motion to commence discovery (and denied as moot BofA's motion to stay the proceedings).

18. On December 12, 2008, ITC opposed BofA's motion to centralize the ARS-related actions in an attempt to keep its action in Northern District of Illinois.[5]

19. While that motion was pending before the JPML, ITC opposed BofA's motion to dismiss the Complaint, which included certain materials BAS had sent ITC. For its part, ITC sought "a reasonable opportunity to present all the material that is pertinent to the motion including conducting discovery and providing all the materials required by Local Rule 56.1."[6] (Ex. F at 13 (internal quotation marks omitted).)

**ITC pursues its action in the Northern District
of California until it receives an unfavorable ruling**

20. On February 12, 2009, the JPML granted BofA's transfer motion, and centralized ITC and two other actions for pre-trial proceedings before Judge Jeffrey S. White in the United States District Court for the Northern District of California. The multidistrict-litigation docket number is M:09-cv-02014, and ITC's action was assigned the docket number 3:09-cv-00887.

---

[4] A copy of ITC's Reply in Support of Motion to Allow Commencement of Discovery and Response to Defendants' Motion to Stay Proceedings is annexed as Exhibit D.

[5] A copy of ITC's Memorandum in Opposition to the Bank of America Defendants' Motion to Transfer and Coordinate Pursuant to 28 U.S.C. § 1407 is annexed as Exhibit E.

[6] A copy of ITC's Response in Opposition to Defendants' Motion to Dismiss is annexed as Exhibit F.

21. On February 16, 2009, ITC asked BofA to begin discovery on the ground that "Judge St. Eve's preference to stay discovery pending the resolution of the fully briefed motion to dismiss no longer applie[d]" following the action's transfer to a new court.[7] (Ex. G.) ITC warned that unless BofA agreed to start discovery, ITC would "seek appropriate relief from Judge White." (*Id.*)

22. To that end, ITC proposed a discovery plan in the parties' April 3, 2009 Joint Case Management Conference Statement, under which the parties would complete fact discovery by November 13, 2009, and file dispositive motions by February 26, 2010.[8]

23. Judge White rejected ITC's proposal, and discovery remained stayed pending a decision on BofA's motion to dismiss the Complaint. The hearing on that motion was scheduled for October 2, 2009.

24. In the parties' September 25, 2009 Joint Case Management Conference Statement, BofA suggested that its dismissal motion should be heard with the motion to dismiss another complaint in the multidistrict litigation on November 20, 2009. ITC expressed its belief that the hearing "should proceed as scheduled," on October 2, 2009.[9]

25. The motion to dismiss ITC's Complaint remained on the court's calendar for October 2, 2009. On September 30, 2009, Judge White issued a Notice of Tentative Ruling

---

[7] A copy of Jose A. Lopez's February 16, 2009 letter to Robert Stern is annexed as Exhibit G.

[8] A copy of the April 3, 2009 Joint Case Management Conference Statement is annexed as Exhibit H.

[9] A copy of the September 25, 2009 Joint Case Management Conference Statement is annexed as Exhibit I.

6

and Questions for Hearing, in which he tentatively granted BofA's motion to dismiss the Complaint and reserved ruling on whether leave to amend would be granted.[10]

26. A few hours later, ITC filed its voluntary dismissal of the Complaint without prejudice. Judge White cancelled the scheduled October 2 hearing and declined to vacate ITC's notice.

**ITC commences an arbitration in Chicago based on the same ARS purchases alleged in the Complaint**

27. On October 1, 2009, ITC commenced an arbitration against BofA by filing a Statement of Claim under Rule 12200 of FINRA's Code of Arbitration Procedure for Customer Disputes.

28. Under Rule 12213, the Director of Arbitration has chosen Chicago, Illinois, as the anticipated hearing location, because it is the "location closest to the customer's residence at the time of the events giving rise to the dispute."

29. Like ITC's October 2008 Complaint, its October 2009 FINRA Statement of Claim (i) asserts claims arising from ITC's purchase of ARS from BAS; (ii) includes allegations that BofA misrepresented and failed to disclose risks associated with ARS, such as by allegedly representing that ARS "were liquid investment vehicles, with liquidity similar to treasury bills" (Ex. B ¶ 47); and (iii) seeks, among other things, rescission of ITC's ARS purchases from BAS (*see id.* at 29-31).

30. Under the Code of Arbitration Procedure for Customer Disputes, BofA's response to ITC's Statement of Claim is due by December 17, 2009.

---

[10] A copy of Judge White's Notice of Tentative Ruling and Questions for Hearing is annexed as Exhibit J.

**CLAIM FOR DECLARATORY JUDGMENT**

31. BofA repeats and realleges the allegations contained in paragraphs 1 through 30 as though fully set forth herein.

32. Under 28 U.S.C. § 2201(a), BofA seeks a declaration of this Court that ITC has waived its right to adjudicate in arbitration claims regarding its ARS purchases, because it elected to pursue claims based on those purchases in federal court. ITC's actions in the Northern District of Illinois and Northern District of California were inconsistent with its desire to enforce any arbitration right. ITC's arbitration is therefore invalid.

33. Declaratory relief is appropriate because ITC's ability to pursue its claims against BofA in arbitration presents an actual justiciable controversy of sufficient immediacy to justify the relief sought.

WHEREFORE, plaintiffs Banc of America Securities LLC and Banc of America Investment Services, Inc. seek judgment against defendant Independence Tube Corporation as follows:

A. Declaring that ITC has waived its right to arbitrate against BofA claims arising from its ARS purchases from BAS;

B. Awarding BofA its costs in bringing this action and defending the arbitration, including reasonable attorneys' fees; and

C. Awarding BofA such other and further relief as the Court may deem just and proper.

8

Dated: November 23, 2009

BANC OF AMERICA SECURITIES LLC AND
BANC OF AMERICA INVESTMENT SERVICES, INC.
By: /s/ Lawrence M. Benjamin
   One of their attorneys

Lawrence M. Benjamin (#6196417)
NEAL, GERBER & EISENBERG, LLP
Two North LaSalle Street, Suite 2200
Chicago, Illinois 60602-3801
(312) 269-8000
Fax: (312) 578-4939
E-mail: lbenjamin@ngelaw.com

Of Counsel:

O'MELVENY & MYERS LLP
Jonathan Rosenberg
New York, New York 10036
(212) 326-2000
Fax: (212) 326-2061

Robert M. Stern 1625 Eye Street NW
Washington, DC 20006
(202) 383-5328
Fax: (202) 383-5414

9