IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BANC OF AMERICA SECURITIES LLC and BANC OF AMERICA INVESTMENT SERVICES, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 09 C 7381 |
| INDEPENDENCE TUBE CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiffs, Banc of America Securities LLC ("BAS") and Banc of America Investment Services, Inc. (collectively, "BOA"), have moved for summary judgment seeking a declaratory judgment that Defendant, Independent Tube Corporation ("Independence Tube"), waived its right to arbitrate certain claims by pursuing them in federal court. Independence Tube has filed a motion that seeks to compel arbitration. For the following reasons, the Court grants BOA's summary judgment motion and denies Independence Tube's motion to compel arbitration.

**BACKGROUND**

I.  **Northern District of Illinois Local Rule 56.1**

When determining summary judgment motions, the Court derives the background facts from the parties' Local Rule 56.1 statements. Specifically, Local Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Local Rule 56.1(a)(3) requires the

moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). "The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, part of the record, and other supporting materials relied upon.'" *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)). In addition, Local Rule 56.1(b)(3)(C) requires the nonmoving party to present a separate statement of additional facts that require the denial of summary judgment. *See Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008). Pursuant to the Local Rules, the Court will not consider any additional facts proposed in the nonmoving party's Local Rule 56.1(b)(3)(B) Response, but instead must rely on the nonmovant's Local Rule 56.1(b)(3)(C) Statement of Additional Facts when making factual determinations. *See id.* at 643; *Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 809 (7th Cir. 2005) ("Local Rule 56.1 requires specifically that a litigant seeking to oppose a motion for summary judgment file a response that contains a separate 'statement . . . of any additional facts that require the denial of summary judgment.'") (emphasis in original).

Moreover, the purpose of Rule 56.1 statements is to identify the relevant evidence supporting the material facts, not to make factual or legal arguments, *see Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006), and thus the Court will not address the parties' arguments made in their Rule 56.1 statements and responses. Also, the requirements for responses under Local Rule 56.1 are "not satisfied by evasive denials that do not fairly meet the substance of the material facts asserted." *Bordelon*, 233 F.3d at 528. Further, the Court may disregard statements and responses that do not properly cite to the record. *See Cichon*, 401 F.3d at 809-10. Finally,

"hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial." *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). With these standards in mind, the Court turns to the relevant facts of the case.

## II. Relevant Facts

### A. Northern District of Illinois Proceedings

On October 21, 2008, Independence Tube filed a complaint in the United States District Court for the Northern District of Illinois, seeking rescission of $22 million of auction-rate-securities ("ARS") purchases from BAS. (R. 49, Def.'s Resp. to Pls.' R. 56.1 Statement at ¶¶ 6-7.) Specifically, Independence Tube alleged in its complaint that BOA misrepresented and failed to disclose the risks of ARS by, among other things, representing that "ARS were highly liquid, safe investments for short-term investments and were equivalent to cash or money market funds." (*Id.* at ¶ 7.) At the time that Independence Tube filed its complaint, the FINRA Code of Arbitration Procedure required BOA to arbitrate disputes if "[r]equested by the customer," and Independence Tube was a customer. (*Id.* at ¶¶ 9-10.)

Less than one month after filing its complaint, Independence Tube filed a motion to commence discovery, arguing that it "need[ed] to promptly begin discovery so that [the] case [could] proceed efficiently." (*Id.* at ¶ 11.) BOA opposed that motion, asking the Court to stay the action pending the outcome of a motion that it had filed with the Judicial Panel on Multidistrict Litigation ("JPML") to centralize Independence Tube's action with two similar cases, *Bondar v. Banc of America Corp.* and *Twin Lane, Inc. v. Banc of America Securities LLC*. (*Id.* at ¶ 12; R. 49, Def.'s R. 56.1(b)(3)(C) Statement of Additional Facts at ¶¶ 2-3.) In opposing BOA's motion to stay, Independence Tube argued that it would "suffer undue prejudice if this

case were stayed and it were unable to proceed with limited discovery" before the Court. (R. 49, Def.'s Resp. to Pls.' R. 56.1 Statement at ¶ 13.) The Court denied Independence Tube's motion to commence discovery and BOA's motion to stay the proceedings on December 2, 2008. (*Id.* at ¶ 14.)

BOA filed a motion to dismiss and a memorandum of law in support thereof on December 19, 2008, arguing for dismissal because (1) as it would later argue in the *Bondar* case, the allegations lacked the particularity that Federal Rule of Civil Procedure 9(b) requires, and (2) as it would later argue in the *Twin Lane* case, BOA disclosed the facts that it had allegedly concealed. (R. 49, Def.'s R. 56.1(b)(3)(C) Statement of Additional Facts at ¶¶ 5-10.) Independence Tube opposed BOA's motion to dismiss, asking for "a reasonable opportunity to present all the material that is pertinent to the motion including conducting discovery and providing all the materials required by Local Rule 56.1." (R. 49, Def.'s Resp. to Pls.' R. 56.1 Statement at ¶¶ 16-17.)

### B.   Judicial Panel on Multidistrict Litigation Proceedings

On November 19, 2009, BOA filed a motion before the JPML, requesting that Independence Tube's case join the *Bondar* and *Twin Lane* cases, arguing that "many of the operative allegations, claims, and damages" in the three actions were "identical." (R. 49, Def.'s R. 56.1(b)(3)(C) Statement of Additional Facts at ¶¶ 2-3.) Independence Tube opposed BOA's JPML motion. (R. 49, Def.'s Resp. to Pls.' R. 56.1 Statement at ¶ 15.) Before the Court ruled on BOA's motion to dismiss, on February 12, 2009, the JPML centralized Independence Tube's action with the *Bondar* and *Twin Lane* cases for purposes of pretrial proceedings in the Northern District of California. (*Id.* at ¶ 18.)

4

### C. Northern District of California Proceedings

Four days after its case had been transferred to California, Independence Tube again asked BOA to commence discovery, arguing that the Court's preference to stay discovery pending resolution of the motion to dismiss was no longer applicable and stating that, should BOA object, it would seek appropriate relief in the Northen District of California. (*Id.* at ¶ 19.) In the parties' April 3, 2009, Joint Case Management Conference Statement, Independence Tube proposed completion of fact discovery by November 13, 2009, and submission of dispositive motions by February 26, 2010. (*Id.* at ¶ 20.) The Northern District of California denied Independence Tube's discovery proposal, stayed discovery pending resolution of BOA's motion to dismiss, and scheduled a hearing on the motion to dismiss for October 2, 2009. (*Id.* at ¶¶ 21-22.)

The Northern District of California issued a Notice of Tentative Ruling and Questions for Hearing on September 30, 2009, tentatively granting BOA's motion to dismiss and reserving a ruling on whether to grant Independence Tube leave to amend its complaint. (*Id.* at ¶ 25.) Later that day, Independence Tube voluntarily dismissed its complaint without prejudice, and the Northern District of California accordingly cancelled the motion-to-dismiss hearing. (*Id.* at ¶¶ 26-27.)

### D. FINRA Arbitration and Subsequent Proceedings

The day after it dismissed its complaint, Independence Tube filed a FINRA arbitration statement of claim against BOA that: (1) asserted claims arising from its ARS purchases from BAS; (2) alleged that BOA misrepresented and failed to disclose the risks of ARS, including by misrepresenting that ARS "were liquid investment vehicles, with liquidity similar to treasury

5

bills"; and (3) sought, among other things, rescission of its ARS purchases from BAS. (*Id.* at ¶¶ 29, 31.) After BOA filed the present action, on March 1, 2010, the JPML issued a conditional order to transfer this case to the Northern District of California. (R. 49, Def.'s R. 56.1(b)(3)(C) Statement of Additional Facts at ¶ 11.) The JPML is scheduled to consider BOA's opposition to the transfer during its May 27, 2010, session. (*See* 4/22/10 J.P.M.L. Hr'g Session Order.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see Knight v. Wiseman*, 590 F.3d 458 (7th Cir. 2009). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "Thus, to survive summary judgment, the nonmoving party must present evidence sufficient to establish a triable issue of fact on all essential elements of its case." *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir. 2009); *see Rozskowiak v. Vill. of Arlington Heights*, 415 F.3d 608, 612 (7th Cir. 2005) (noting that the nonmoving party must present "evidence on which the jury could reasonably find for the nonmoving party").

**ANALYSIS**

Independence Tube seeks to compel arbitration under the Federal Arbitration Act ("FAA"), which "is Congress's manifestation of a national policy favoring arbitration and results in the placement of arbitration agreements on equal footing with all other contracts." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006); *see also Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83, 123 S.Ct. 588, 591 (2002) (noting the "'liberal federal policy favoring arbitration agreements'" (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927 (1983))). That pro-arbitration policy "is not an absolute preference for arbitration over litigation anytime an arbitration agreement exists," however, as in certain circumstances parties may waive their right to arbitrate. *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co., Inc.*, 969 F.2d 585, 587 (7th Cir. 1992).

**I.    The Court Will Decide Whether Independence Tube Waived its Right to Arbitrate**

The parties disagree regarding whether the Court or the FINRA arbitrators should decide whether Independence Tube has waived its right to arbitrate. Independence Tube argues that FINRA should decide the waiver issue, while BOA argues that the Court should address that issue. Because waiver through litigation conduct is an issue of arbitrability that judges traditionally address, the Court will decide this issue.

If there is a doubt about the scope of arbitrable issues, courts "should resolve that doubt 'in favor of arbitration.'" *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452, 123 S.Ct. 2402, 2407 (2003) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346 (1985)). In certain circumstances, however, "courts assume that the parties intended courts, not arbitrators, to decide a particular arbitration-related matter (in the absence of

7

'clear and unmistakable' evidence to the contrary)." *Id.* (quoting *AT & T Techs., Inc. v. Communications Workers*, 475 U.S. 643, 649, 106 S.Ct. 1415 (1986)). Those circumstances "typically involve matters of a kind that 'contracting parties would likely have expected a court' to decide," and they include gateway matters of arbitrability, "such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy." *Id.* (quoting *Howsam*, 537 U.S. at 83, 123 S.Ct. 588). Questions of arbitrability are not at play when the "parties would likely expect that an arbitrator would decide the gateway matter." *Howsam*, 537 U.S. at 83, 123 S.Ct. at 591. As such, "'procedural questions which grow out of the dispute and bear on its final disposition' are presumptively *not* for the judge, but for an arbitrator, to decide," *Id.* at 84, 123 S.Ct. at 592 (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557, 84 S.Ct. 909 (1964), with emphasis in original and internal quotation from *Livingston* omitted).

Courts have routinely addressed whether a party has waived its right to arbitrate through its litigation conduct. *See*, *e.g.*, *Grumhaus v. Comerica Sec., Inc.*, 223 F.3d 648, 653 (7th Cir. 2000); *Cabintree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995). Independence Tube argues, however, that the Supreme Court's decision in *Howsam* establishes that arbitrators, not courts, should decide litigation-through-conduct issues. In *Howsam*, the Supreme Court held that arbitrators, not courts, should decide whether an NASD time-limit rule barred an action. *Id.*, 537 U.S. at 85, 123 S.Ct. at 593. The Court noted that "the presumption is that the arbitrator should decide 'allegations of waiver, delay, or a like defense to arbitrability.'" *Id.* at 84, 123 S.Ct. at 592 (quoting *Moses H. Cone*, 460 U.S. at 24-25, 103 S.Ct. 927). When

8

read in isolation, this language "supports referring such waiver issues to an arbitrator." *JPD, Inc. v. Chronimed Holdings, Inc.*, 539 F.3d 388, 393 (6th Cir. 2008).

That conclusion is not sound when the language is read in context, however, and the Seventh Circuit has continued to resolve waiver claims based on litigation conduct, albeit without analyzing the applicability of *Howsam*.[1] *See Halim v. Great Gatsby's Auction Gallery*, 516 F.3d 557, 562 (7th Cir. 2008); *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004). Indeed, other courts have found that, "[p]roperly considered within the context of the entire opinion, . . . the [*Howsam*] Court was referring only to waiver, delay, or like defenses arising from non-compliance with contractual conditions precedent to arbitration, such as the NASD time limit rule at issue in that case, and not to claims of waiver based on active litigation in court." *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 219 (3d Cir. 2007) (noting at n.10 that *Moses H. Cone*, the case from which *Howsam* obtained the waiver language, "established only that arbitrability defenses such as waiver should be 'addressed with a healthy regard for the federal policy favoring arbitration,' not that these defenses should presumptively be resolved by an arbitrator" (quoting *Moses H. Cone*, 460 U.S. at 24, 103 S.Ct. 927)); *see also*, *e.g.*, *JPD, Inc.*, 539 F.3d at 393.

---

[1] Contrary to Independence Tube's assertion, the Seventh Circuit has not held that arbitrators – rather than courts – should decide whether a party has waived its right to arbitrate through its litigation conduct. The case on which Independence Tube relies for that proposition, *Zurich Am.*, 466 F.3d 577, merely held that arbitrators – not courts – should decide whether a prior proceeding had preclusive effect on an arbitration. While the *Zurich* Court quoted *Howsam* for the proposition that arbitrators presumptively should decide waiver issues, as explained below, *Howsam* does not stand for the broad proposition that arbitrators must decide waiver-through-litigation-conduct issues.

9

The *Howsam* Court based its holding on two primary factors. First, it observed that comments to the Revised Uniform Arbitration Act of 2000 ("RUAA") provide that "'in the absence of an agreement to the contrary, issues of substantive arbitrability . . . are for a court to decide and issues of procedural arbitrability, *i.e.,* whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide.'" *Id.* at 85, 123 S.Ct. at 592 (quoting RUAA § 6(c), cmt. 2, 7 U.L.A. at 13, with emphasis omitted). Second, it found that NASD arbitrators were "comparatively more expert about the meaning of their own rule," and "for the law to assume an expectation that aligns (1) decisionmaker with (2) comparative expertise will help better to secure a fair and expeditious resolution of the underlying controversy-a goal of arbitration systems and judicial systems alike." *Id.* at 85, 123 S.Ct. at 593.

Neither of those factors supports the arbitral determination of waiver based on litigation conduct. Indeed, they support judicial determinations of such issues. Regarding the RUAA factor, a separate comment to the RUAA provides that "'[w]aiver is one area where courts, rather than arbitrators, often make the decision as to enforceability of an arbitration clause.'" *Marie v. Allied Home Mortgage*, 402 F.3d 1, 13 (1st Cir. 2005) (quoting RUAA § 6, cmt. 5, 7 U.L.A. 16 (Supp. 2004)); *see also Ehleiter*, 482 F.3d at 218 (noting that RUAA § 6, comment 5 "cites cases involving waiver based on litigation conduct as support for this proposition"). Regarding the expertise factor, waiver through litigation conduct typically "turn[s] on whether a [party] abused the litigation or pre-litigation process, and a court is most adept at policing procedure-abusing conduct." *JPD, Inc.*, 539 F.3d at 394. As such, "the comparative expertise considerations

10

stressed in *Howsam* and *Green Tree* argue for judges to decide this issue." *Marie*, 402 F.3d at 13 (noting that the waiver issue is typically independent of the merits).

As additional support that *Howsam* does not apply to waiver-through-litigation conduct, the FAA requires courts to "stay an action pending arbitration if 'the applicant for the stay is not in *default* in proceeding with such arbitration.'" *Ehleiter*, 482 F.3d at 217-18 (quoting FAA § 3, with emphasis added in *Ehleiter*). As courts generally have interpreted the term "default" to mean "waiver" in this context, *see St. Mary's Med. Ctr.*, 969 F.2d at 590, the FAA "would seem to place a statutory command on courts, in cases where a stay is sought, to decide the waiver issue themselves." *Marie*, 402 F.3d at 13.

Furthermore, referring waiver-through-litigation-conduct issues to an arbitrator "would often prove 'exceptionally inefficient' because just deciding that a party waived arbitration fails to advance the substance of the case-it just gets referred back to the court." *JPD, Inc.*, 539 F.3d at 394 (quoting *Marie*, 402 F.3d at 13). "Judicially resolving these claims thus 'will help better to secure a fair and expeditious resolution of the underlying controversy.'" *Id.* (quoting *Howsam*, 573 U.S. at 85, 123 S.Ct. 588); *see also Marie*, 402 F.3d at 14 (noting that allowing courts to decide waiver-through-litigation-conduct issues "furthers a key purpose of the FAA: to permit speedy resolution of disputes"). That is especially true where, as here, the court deciding whether a party waived its right to arbitrate witnessed a substantial portion of the litigation conduct at issue.

The *Howsam* Court did not change the traditional rule that waiver through litigation conduct is an issue of arbitrability that courts should decide. Accordingly, the Court joins the vast majority of other courts that have addressed this issue and concludes that courts – not

11

arbitrators – should resolve waiver-through-litigation-conduct issues. *See JPD, Inc.*, 539 F.3d at 394; *Zimmer v. Cooperneff Advisors, Inc.*, 523 F.3d 224, 231 (3d Cir. 2008); *Ehleiter*, 482 F.3d at 217-18; *Marie*, 402 F.3d at 13; *Tristar Fin. Ins. Agency, Inc. v. Equicredit Corp. of Am.*, No. 03-40425, 2004 WL 838633, at *1 (5th Cir. Apr. 20, 2004); *Vega v. Contract Cleaning Maint.*, No. 03 C 9130, 2006 WL 1554383, at *5 (N.D. Ill. June 1, 2006); *Carbajal v. Household Bank, FSB*, No. 00 C 0626, 2003 WL 22159473, at *8 (N.D. Ill. Sept. 18, 2003)[2]; *Blanco v. Sterling Jewelers Inc.*, No. 09-cv-01330-CMA-KLM, 2010 WL 466760, at *4 (D. Colo. Feb. 9, 2010); *Apple & Eve, LLC v. Yantai N. Andre Juice Co. Ltd.*, 610 F. Supp. 2d 226, 231 (E.D.N.Y. 2009); *Parler v. KFC Corp.*, 529 F. Supp. 2d 1009, 1014 (D. Minn. 2008).

## II. Independence Tube Waived its Right to Arbitrate the ARS Claims[3]

BOA argues that, by litigating the earlier case in the Northern District of Illinois and Northern District of California, Independence Tube waived its right to arbitration. As an initial matter, Independence Tube contends that the Court must decide its motion to compel arbitration before ruling on BOA's summary judgment motion. The Seventh Circuit has refused to compel

---

[2] On appeal in *Carbajal*, the Seventh Circuit did not address the waiver issue, stating in dicta only that its conclusion would not change "[e]ven if we indulge the district court's assumption that the court determines arbitrability." *Carbajal v. H & R Block Tax Servs., Inc.*, 372 F.3d 903, 905 (7th Cir. 2004).

[3] Independence Tube provides no support for its argument that the Court should not follow the general rule and apply Seventh Circuit law. The Court will therefore apply the law of this Circuit. *See Joseph Stevens & Co., Inc. v. Cikanek*, No. 08 C 706, 2008 WL 2705445, at *3 (N.D. Ill. July 9, 2008) ("'Binding precedent regarding interpretation of federal law is set only by the Supreme Court, and for the district courts within a circuit, only by the court of appeals for that circuit.'" (quoting *In re Starlink Corn Prods. v. Aventis Cropscience U.S. Holding*, 211 F. Supp. 2d 1060, 1063 (N.D. Ill. 2002))); *see also* J.P.M.L. R. 1.5 ("The pendency of a . . . conditional transfer order . . . does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.").

arbitration, however, where the party seeking arbitration has waived that right, *see Grumhaus*, 223 F.3d at 653, and Independence Tube's position would render meaningless the law regarding waiver through litigation conduct.

A party may waive a contractual right to arbitrate either expressly or implicitly. *Halim*, 516 F.3d at 562; *Welborn Clinic v. Medquist, Inc.*, 301 F.3d 634, 637 (7th Cir. 2002). In deciding whether a party has waived its right to enforce an arbitration clause, "courts must determine whether based on all the circumstances, the party against whom the waiver is to be enforced has acted inconsistently with the right to arbitrate." *Armstrong v. LaSalle Bank Nat'l Ass'n*, 552 F.3d 613, 616 (7th Cir. 2009) (internal quotation omitted); *Sharif*, 376 F.3d at 726.

The central question regarding whether a party has waived its right to arbitrate is "whether the party against whom the waiver is to be found intended its selection and not whether either party would be prejudiced by the forum change." *Grumhaus*, 223 F.3d at 650 ("Once a party selects a forum, the courts have an interest in enforcing that choice and not allowing parties to change course midstream."); *Cabintree*, 50 F.3d at 391 ("Selection of a forum in which to resolve a legal dispute should be made at the earliest possible opportunity in order to economize on the resources, both public and private, consumed in dispute resolution."). "[D]iligence or the lack thereof should weigh heavily in the decision-'*did that party do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration?*'"[4] *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 756-57 (7th Cir. 2002) (quoting *Cabintree*, 50 F.3d at 391, with emphasis added in *Ernst & Young*).

---

[4] While Independence Tube does not contest waiver based on the differences between its arbitration and judicial claims, even minor differences between a judicial action and an arbitration action do not preclude a finding of waiver. *See Grumhaus*, 223 F.3d at 652.

Additionally, "a party that chooses a judicial forum for the resolution of a dispute is presumed to have waived its right to arbitrate." *Sharif*, 376 F.3d at 726; *Welborn Clinic*, 301 F.3d at 637. As the Seventh Circuit has reasoned:

> An arbitration clause gives either party the choice of an alternative, nonjudicial forum in which to seek a resolution of a dispute arising out of the contract. But the intention behind such clauses, and the reason for judicial enforcement of them, are not to allow or encourage the parties to proceed, either simultaneously or sequentially, in multiple forums.

*Cabintree*, 50 F.3d at 390.

Even when viewed in a light most favorable to Independence Tube, there is no genuine issue of material fact, and BOA is therefore entitled to summary judgment. The undisputed facts reveal that Independence Tube, which was represented by a team of experienced litigators, acted inconsistently with its right to arbitrate by choosing to file and pursue a complaint in federal court when it could have filed an arbitration claim with FINRA. *See Grumhaus*, 223 F.3d at 651 ("Unlike a defendant, a plaintiff expresses his intent to submit to a judicial forum by filing a complaint."). It thereafter continuously attempted to use the federal courts and their procedural mechanisms to litigate its claim, further expressing its intent to proceed in a judicial forum. It, for example, consistently sought discovery under the Federal Rules of Civil Procedure (R. 49, Def.'s Resp. to Pls.' R. 56.1 Statement at ¶¶ 11, 20), opposed BOA's efforts to have its case transferred from the Court (*id.* at ¶ 13), and asked the Court for an opportunity to conduct discovery in opposing BOA's motion to dismiss (*id.* at ¶¶ 16-17).

It was only when it faced the prospect of dismissal of one of its claims – potentially with prejudice – that Independence Tube halted its efforts in the federal courts and pursued its claim in arbitration. The Seventh Circuit has frowned upon such a "heads I win, tails you lose"

approach to litigation. *See Welborn Clinic*, 301 F.3d at 637 ("Litigating a claim is clearly inconsistent with any perceived right to arbitration; we do not want parties to forum shop, taking a case to the courts and then, if things go poorly there, abandoning their suit in favor of arbitration."); *Cabintree*, 50 F.3d at 391 (finding that a defendant had waived its right to arbitrate by removing a case to federal court, causing the plaintiff to produce two thousand documents, and waiting roughly nine months before moving to stay pending arbitration); *St. Mary's Med. Ctr.*, 969 F.2d at 587 ("A party may not normally submit a claim for resolution in one forum and then, when it is disappointed with the result in that forum, seek another forum."). Independence Tube has not provided any explanation for the actions it took in federal court, but those actions manifest a clear intention to pursue its claim in court, not arbitration. *See Wilson Sporting Goods Co. v. Penn Partners*, No. 03 C 5236, 2004 WL 2033063, at *4 (N.D. Ill. Aug. 31, 2004) ("There is no apparent explanation for this delay other than that Wilson wished to see how the litigation process would proceed before it decided to arbitrate.").

Independence Tube has not raised a genuine issue of material fact regarding whether its conduct qualifies for an exception to the general waiver-by-litigation-conduct rule. The Seventh Circuit recognizes that, "while normally the decision to proceed in a judicial forum is a waiver of arbitration, a variety of circumstances may make the case abnormal, and then the district court should find no waiver or should permit a previous waiver to be rescinded." *Cabintree*, 50 F.3d at 391; *see also Grumhaus*, 223 F.3d at 653. Specifically, the *Cabintree* Court explained:

> There might be doubts about arbitrability, and fear that should the doubts be resolved adversely the statute of limitations might have run. Some issues might be arbitrable, and others not. The shape of the case might so alter as a result of unexpected developments during discovery or otherwise that it might become obvious that the party should be relieved from its waiver and arbitration allowed to proceed. . . .

15

*Id.* at 391; *see also Grumhaus*, 223 F.3d at 653. In such cases, prejudice to the party resisting arbitration and diligence on the part of the party seeking arbitration "should weigh heavily in the decision whether to send the case to arbitration." *Cabintree*, 50 F.3d at 391. As the Seventh Circuit later explained, *Cabintree*:

> establishes a number of important propositions. First, an important part of the district court's waiver inquiry is to determine as a matter of fact whether the party filing the lawsuit intended to elect a judicial forum rather than the arbitral tribunal. Second, uncertainty about the right to arbitrate is a factor that tends to undermine a finding of waiver from the mere filing of a court action. Third, even if a district court finds an initial waiver of the right to arbitrate, it is also entitled to permit that waiver to be rescinded, depending on the course the litigation takes.

*Iowa Grain Co. v. Brown*, 171 F.3d 504, 509-10 (7th Cir. 1999).

The record is devoid of any evidence, however, that Independence Tube was uncertain about its right to arbitrate. Additionally, while Independence Tube may not have expected the JPML to transfer its case to the Northern District of California, its undisputed actions after transfer further evidenced a desire to continue litigating in federal court. Specifically, it immediately renewed its request for discovery, and, as discussed above, it only dismissed its complaint when – over seven months after its case had been transferred – it learned that one of its claims might be dismissed with prejudice. (R. 49, Def.'s Resp. to Pls.' R. 56.1 Statement at ¶¶ 18-20, 26.)

Finally, to the extent that Independence Tube argues that its actions did not prejudice BOA, the presence of prejudice is not a prerequisite to a finding of waiver. *See St. Mary's Med. Ctr.*, 969 F.2d at 590 ("[W]here it is clear that a party has forgone its right to arbitrate, a court may find waiver even if that decision did not prejudice the non-defaulting party."); *see also In re Wireless Telephone 911 Calls Litig.*, No. MDL-1521, 03 C 2597, 2005 WL 2709286, at *3 (N.D.

16

Ill. Oct. 20, 2005) ("It is doubtful that plaintiffs would be greatly prejudiced by a forum change, but that does not alter our conclusion [that a defendant waived its right to arbitrate]."). In any event, when viewed in a light most favorable to Independence Tube, the record plainly shows that Independence Tube's litigation actions *did* prejudice BOA. Based on Independence Tube's decision to file a complaint with the Court, BOA took a number of actions that it otherwise may not have taken. Specifically, over the course of nearly a year BOA responded to discovery disputes (R. 49, Def.'s Resp. to Pls.' R. 56.1 Statement at ¶ 11), submitted motion-to-dismiss briefing (R. 49, Def.'s R. 56.1(b)(3)(C) Statement of Additional Facts at ¶ 5), and submitted other court filings (R. 49, Def.'s Resp. to Pls.' R. 56.1 Statement at ¶ 11).

Independence Tube filed a complaint in federal court and pursued its claims there for nearly a year. In doing so, it failed to diligently exercise its right to arbitrate, acted inconsistently with its right to arbitrate, and thereby waived its right to arbitrate. *See Ernst & Young*, 304 F.3d at 758; *Grumhaus*, 223 F.3d at 651; *Hammes v. Aamco Transmissions, Inc.*, 33 F.3d 774, 783 (7th Cir. 1994).

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs BOA's motion for summary judgment and denies Defendant Independence Tube's motion to compel arbitration.

Dated: May 4, 2010

ENTERED:

_____
AMY J. ST. EVE
United States District Court Judge